# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1303V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TARA DENNINGTON, | * | Chief Special Master Corcoran |
| | * | |
| | * | |
| Petitioner, | * | Filed:  June 6, 2024 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 28, 2018, Tara Dennington filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on August 30, 2015, caused her to incur Guillain-Barré syndrome ("GBS"). I denied entitlement on March 23, 2023. *See* Decision, dated Mar. 23, 2023 (ECF No. 59). Petitioner moved for review of my decision (ECF No. 61), but the motion was denied (ECF No. 66), and a subsequent appeal to the Federal Circuit was voluntarily withdrawn.

Petitioner has now filed a motion for a final award of attorney's fees and costs (the only such request made in this case). Motion, dated May 24, 2024 (ECF No. 72) ("Mot."). Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requests a total of $140,541.87, reflecting $111,826.00 in fees incurred for the services of Ms. Leah Durant, Esq., and paralegals, plus $28,715.87 in litigation-associated costs. Mot. at 1. The requested costs also include Petitioner's unreimbursed litigation costs incurred in this matter (which are specified below). *Id.* Respondent reacted to the final fee requests on May 29, 2024. Response, dated May 29, 2024 (ECF No. 73) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated May 31, 2024 (ECF No. 74).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $140,541.87.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis to entitle her to a fees and costs award. There was ample objective record evidence to substantiate aspects of the claim, including the disputed GBS diagnosis. And while I rejected the proposed theory herein that the Tdap vaccine could cause GBS, it has not consistently been unsuccessful, and Petitioner did offer reliable support for the theory. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| **Attorney** | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|---|---|
| **Leah Durant** | $365.00 | $377.00 | $380.00 | $395.00 | $420.00 | $441.00 | $463.00 | $486.00 |
| **Michael Milmoe** | -- | $455.00 | -- | $484.00 | $509.00 | $525.00 | $553.00 | $584.00 |
| **Glenn MacLeod** | -- | -- | -- | -- | -- | $525.00 | $553.00 | $584.00 |
| **Christopher Williams** | -- | -- | -- | -- | -- | $341.00 | $358.00 | -- |
| **Paralegals** | $145.00 | $150.00 | $150.00 | $160.00 | $165.00 | $173.00 | $181.00 | $190.00 |

ECF No. 72-1 at 1–20.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch. See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for Ms. Durant and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *Murray v. Sec'y of Health & Hum. Servs.*, No. 17-1357V, 2014 WL 1433667 (Fed. Cl. Spec. Mstr. Mar. 5, 2024); *E. H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 6, 2024).

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that incurred litigation costs were reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $28,715.87 in outstanding costs, including the filing fees, medical record and medical literature retrieval costs, mailing costs, and costs associated with the work of Catherine Shaer, M.D. and Carlo Tornatore, M.D. ECF No. 72-2 at 2. Dr. Shaer reviewed the medical records and submitted three invoices reflecting a total of $5,147.50 (billing at an hourly rate of $250.00) charged to the matter. *Id.* at 26, 35, 36. Dr. Tornatore reviewed the medical records and authored two written reports in this case. He submitted an invoice reflecting a total of $18,750.00 (billing at an hourly rate of $500.00) charged to the matter. *Id.* at 62. These sums are reasonable for the work performed, and I do not find any reason to make reductions.

In addition, Petitioner requests a total of $11.20 in unreimbursed litigation costs for postage costs. *See* General Order #9 at 1. Such expenses are commonly incurred in the Vaccine Program, and are reasonable herein.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$140,541.87**, reflecting $111,826.00 in attorney's fees and $28,715.87 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Leah Durant. Additionally, an award of **$11.20** will be issued in a separate check made only to the Petitioner for personal costs incurred.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master